UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMMIE COLLIER,

    Petitioner,               Case Number 2:23-CV-12511
                                      HONORABLE NANCY G. EDMUNDS
v.                                UNITED STATES DISTRICT JUDGE

UNITED STATES OF AMERICA,

    Respondent,
_____/

**OPINION AND ORDER SUMMARILY DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS***

This matter is before this Court on a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241. Jammie Collier, (Petitioner), is currently incarcerated in the Clare County Jail in Harrison, Michigan. Petitioner challenges his federal prosecution for being a felon in possession of a firearm, which remains pending in the federal court. For the reasons that follow, the petition for writ of habeas corpus is SUMMARILY DENIED.

**I. Background**

Petitioner is currently being charged in the United States District Court for the Eastern District of Michigan with Felon in Possession of a Firearm. The case remains pending before Judge F. Kay Behm. Petitioner is represented by counsel in that case.[1]

Petitioner in his current habeas petition alleges that his speedy trial rights are being violated. Petitioner also claims he is being denied the effective assistance of counsel.

---

[1] See *United States v. Collier,* No. 4:23-cr-20283 (E.D. Mich.) Petitioner has already had two attorneys withdraw from the case but a third attorney was recently appointed by Judge Behm to represent Petitioner. This Court is permitted to take judicial notice of companion criminal cases in a Petitioner's case. *See e.g. United States v. Rigdon,* 459 F. 2d 379, 380 (6th Cir. 1972).

Lastly, Petitioner claims he has been denied his right to a full detention hearing before Magistrate Judge Curtis Ivy and seeks release on bail.

## II. Discussion

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; see also 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. Rule 4; *see also Allen v. Perini*, 26 Ohio Misc. 149, 424 F.2d 134, 141 (6th Cir.1970)(stating that the district court has the duty to "screen out" petitions that lack merit on their face). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to federal habeas relief. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir.1999). No response to a habeas petition is necessary when the petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response from the State. *See Allen*, 424 F.2d at 141. Courts have used Rule 4 of the habeas corpus rules to summarily dismiss facially insufficient habeas petitions brought under § 2241. *See e.g. Perez v. Hemingway,* 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001)(additional citations omitted). Because the instant petition is facially insufficient to grant habeas relief, the petition is subject to summary dismissal. *Id.*

It is well established that a criminal defendant cannot file a petition for writ of habeas corpus to raise defenses to a pending federal criminal prosecution. *See Jones v. Perkins*, 245 U.S. 390, 391 (1918)("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial."); *Riggins v. United States*, 199 U.S. 547 (1905); *Horning v. Seifart*, 107 F. 3d 11 (Table), No. 1997 WL 58620, * 1 (6th Cir. Feb. 11, 1997); *Ferguson v. Gilliam*, 946 F. 2d 894 (Table), No. 1991 WL 206516, * 1 (6th Cir. Oct. 11, 1991).

To be eligible for habeas relief, a federal pretrial detainee generally must exhaust his or her other available remedies. *Medina v. Choate*, 875 F.3d 1025, 1028–29 (10th Cir. 2017)(internal citation omitted). Thus, "§ 2241 is not a proper avenue of relief for federal prisoners awaiting federal trial." *Id.* at 1029. A federal criminal defendant must challenge their criminal case by filing any pre-trial motions in the trial court, followed by a possible appeal after judgment, before he or she can seek habeas relief. *Id.*

Exceptional circumstances do not exist to warrant granting habeas relief to Petitioner regarding the alleged violations of his speedy trial rights, since he can still seek relief in the trial court. If Judge Behm denies his speedy trial motion and Petitioner is convicted he could appeal, and if he is unsuccessful on direct appeal, he could file motion to vacate sentence pursuant to 28 U.S.C. § 2255. *Medina v. Choate,* 875 F.3d at 1026. Petitioner's related ineffective assistance of counsel claim would be dispositive of his pending federal criminal charge and must be exhausted at trial and on appeal in the federal courts before habeas corpus relief would be available. *See e.g. Malone v. State of Tenn.,* 432 F. Supp. 5, 5-6 (E.D. Tenn. 1976). Petitioner's speedy trial and ineffective

assistance of counsel claims would be dispositive of his pending federal criminal charge and must be exhausted at trial and on appeal in the federal courts before habeas corpus relief would be available. *See Sandles v. Hemingway*, 22 F. App'x 557 (6th Cir. 2001). Petitioner therefore cannot challenge his pending federal prosecution in his current habeas petition.

Moreover, to the extent that the Petitioner challenges any pre-trial detention order, the appropriate vehicle for the Petitioner to challenge his pre-trial detention is an expedited appeal procedure provided by the Bail Reform Act, 18 U.S.C. § 3145(b), (c), and not a habeas corpus petition. *See Whitmer v. Levi,* 276 F. App'x 217, 219 (3rd Cir. 2008).

Petitioner in an accompanying motion argues that exceptional circumstances exist to permit him to file this pre-trial habeas petition because two of his attorneys were permitted by Judge Behm to withdraw from his case and the judge struck several *pro se* motions filed by Petitioner regarding his right to bail and his right to a speedy trial. Judge Behm struck Petitioner's *pro se* motions because he was represented by counsel and a criminal defendant cannot proceed with hybrid representation, that is, being represented by counsel and also representing himself *pro se. United States v. Collier,* No. 4:23-cr-20283 (E.D. Mich. July 21, 2023)(ECF No. 32).  New counsel has been appointed to represent Petitioner. *Id.,* (ECF Nos. 37, 39).  Petitioner is free to ask his new counsel to file a motion for bail and a motion to dismiss the indictment on speedy trial grounds. Petitioner has thus failed to show that exceptional circumstances exist that would warrant the granting of pre-trial habeas relief.

## III. ORDER

IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2241 is **SUMMARILY DENIED.** Because a certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, *Witham v. United States,* 355 F. 3d 501, 504 (6th Cir. 2004), Petitioner need not apply for one with this Court or with the Sixth Circuit before filing an appeal from the denial of his habeas petition. The Court denies Petitioner leave to appeal *in forma pauperis* because any appeal would not be undertaken in good faith. See Fed. R. App. P. 24(a).

Dated: October 23, 2023

s/ Nancy G. Edmunds  
Hon. Nancy G. Edmunds  
United States District Judge